# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. **04-2461**

_____ ALFOUSSEINI KELLEY _____ , Plaintiff(s)

v.

_____ MARCHE/MÖVENPICK  RICHTREE, U.S.A. _____ , Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon **ROBERT M. WARREN**

plaintiff's attorney, whose address is **11 Green Street, Jamaica Plain, MA 02130**, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the **Thirteenth** day of **August**, in the year of our Lord two thousand **and four**

*Michael Joseph Donovan*

Clerk/Magistrate

8-20-04  Deputy Sheriff Suffolk County

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

# Commonwealth of Massachusetts



**SUFFOLK, ss.**

**SUPERIOR COURT DEPARTMENT**
**OF THE TRIAL COURT**
**CIVIL ACTION**

No. **04-2461**

_____ **ALFOUSSEINY KELLY** _____ , Plaintiff(s)

v.

_____ **IGOR REICHERT** _____ , Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon _____ **Robert M. Warren** _____

plaintiff's attorney, whose address is **11 Green Street, Jamaica Plain, MA 02130** , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the **Thirteenth** _____ day of **August** _____ , in the year of our Lord two thousand **and four** .

*12-20-04*

*Michael Joseph Donovan*

Clerk/Magistrate

**NOTES.**
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

(1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-2461

ALF(HUSSEINY KELLY _____, Plaintiff(s)

v.

LIZA KASTROM _____, Defendant(s)

## SUMMONS

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant:

You are hereby summoned and required to serve upon ROBERT M. WARREN

plaintiff's attorney, whose address is 11 Green Street, Jamaica Plain, MA 02130, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the Thirteenth _____ day of Augter _____, in the year of our Lord two thousand and four

*Michael Joseph Donovan*

Clerk/Magistrate

8-30-04

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-2461

ALFOUSSEINY KELLY _____, Plaintiff(s)

v.

ELIK GHORAYEB _____, Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon ROBERT M. WARREN

plaintiff's attorney, whose address is 11 Green Street, Jamaica Plain, MA 02130, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the Thirteenth day of August, in the year of our Lord two thousand and four.

*Michael Joseph Donovan*

Clerk/Magistrate

8-20-04

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

(1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-2461

ALFOUSSEINY KELLY _____, Plaintiff(s)

v.

MARTINE THOMAS _____, Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon ROBERT M. WARREN

plaintiff's attorney, whose address is 11 Green Street, Jamaica Plain, MA 02130 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the __Thirteenth__ day of __August__, in the year of our Lord two thousand __and four__

8-20-04

*Michael Joseph Donovan*
Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

    (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. __04-2461__

___ALFOUSSEINY KELLY_____, Plaintiff(s)

v.

___HOLGER MADMEN_____, Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon ___ROBERT M WARREN___

plaintiff's attorney, whose address is ___11 Green Street, Jamaica Plain, MA 02130___, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the ___Thirteenth___ day of ___August___, in the year of our Lord two thousand ___and four___.

*Michael Joseph Donovan*

Clerk/Magistrate

8-20-04

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

(1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: SUFFOLK |
|---|---|---|

PLAINTIFF(S)

Alfousseiny Kelly

DEFENDANT(S) Marche/Movenpick, Rich Tree USA, Igor Reichert, Holger Mammen, Liza Kastrom, Martine Thomas, Elie Ghorayeb

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE

Robert M. Warren
11 Green St, Jamaica Plain, MA 02130
Board of Bar Overseers number: 555661    (617) 983-1441

ATTORNEY (if known)    Andrew Pickett, Esq.
Jackson, Lewis, Schnitzler, Krupman
One Beacon St, Boston, MA 02108
(617) 367-0025

## Origin code and track designation

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B99 | Tort | ( F ) | ( X ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS

(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................. $ . .7.
2. Total Doctor expenses ............................................................. $
3. Total chiropractic expenses ....................................................... $
4. Total physical therapy expenses .................................................. $
5. Total other expenses (describe) ................................................... $
                                                                                    Subtotal $
B. Documented lost wages and compensation to date ................................. $ 4,000.00+
C. Documented property damages to date ............................................ $
D. Reasonably anticipated future medical and hospital expenses ..................... $
E. Reasonably anticipated lost wages .............................................. $
F. Other documented items of damages (describe)
     Emotional Distress/Pain and Suffering                                          $ 250,000.00
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
     The plaintiff was injured by the Defendants' discrimination, assault and battery
and violation of public policy when it terminated plaintiff causing severe pain and
suffering and emotional distress as well as future earnings                         $ ...........
                                                                             TOTAL $ 254,000.00

### CONTRACT CLAIMS

(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. .............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: _____

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# CIVIL ACTION COVER SHEET
## INSTRUCTIONS

## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| CONTRACT | | | | REAL PROPERTY | | | | MISCELLANEOUS | |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Services, labor and materials | (F) | C01 | Land taking (eminent domain) | (F) | E02 | Appeal from administrative Agency G.L. c. 30A | (X) |
| 2 | Goods sold and delivered | (F) | C02 | Zoning Appeal, G.L. c.40A | (F) | | | |
| 3 | Commercial Paper | (F) | C03 | Dispute concerning title | (F) | E03 | Action against Commonwealth Municipality, G.L. c.258 | (A) |
| 4 | Sale or lease of real estate | (F) | C04 | Foreclosure of mortgage | (X) | | | |
| 5 | Construction Dispute | (A) | C05 | Condominium lien and charges | (X) | E05 | All Arbitration | (X) |
| 6 | Other (Specify) | (F) | C99 | Other (Specify) | (F) | E07 | c.112,a.12S (Mary Moe) | (X) |
| | TORT | | | | | E08 | Appointment of Receiver | (X) |
| 3 | Motor Vehicle negligence- personal injury/property damage | (F) | | EQUITABLE REMEDIES | | E09 | General contractor bond, G.L. c.149,s.29,29a | (A) |
| 4 | Other negligence-personal injury/property damage | (F) | D01 | Specific performance of contract | (A) | E11 | Workman's Compensation | (X) |
| 5 | Products Liability | (A) | D02 | Reach and Apply | (F) | E14 | Chapter 123A Petition-SDP | (X) |
| 5 | Malpractice-medical | (A) | D06 | Contribution or Indemnification | (F) | E15 | Abuse Petition, G.L.c.209A | (X) |
| 7 | Malpractice-other(Specify) | (A) | D07 | Imposition of Trust | (A) | E16 | Auto Surcharge Appeal | (X) |
| 3 | Wrongful death, G.L.c.229,s2A | (A) | D08 | Minority Stockholder's Suit | (A) | E17 | Civil Rights Act, G.L.c.12,s.11H | (A) |
| 5 | Defamation (Libel-Slander) | (A) | D10 | Accounting | (A) | E18 | Foreign Discovery proceeding | (X) |
| 3 | Asbestos | (A) | D12 | Dissolution of Partnership | (F) | E96 | Prisoner Cases | (F) |
| 2 | Personal Injury-Slip&Fall | (F) | D13 | Declaratory Judgment G.L.c.231A | (A) | E97 | Prisoner Habeas Corpus | (X) |
| 1 | Environmental | (A) | D99 | Other (Specify) | (F) | E99 | Other (Specify) | (X) |
| 2 | Employment Discrimination | (F) | | | | | | |
| 3 | Other (Specify) | (F) | | | | | | |

## TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [X] Yes   [ ] No |

### SUPERIOR COURT RULE 29

JTY OF THE PLAINTIFF. The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as cessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money mages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant gether with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer e action as provided in Rule 29(5)(C).

JTY OF THE DEFENDANT. Should the defendant believe the statement of damages filed by the plaintiff in any respect adequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which ay result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.

## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
## MAY RESULT IN DISMISSAL OF THIS ACTION.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT DEPARTMENT
SUFFOLK DIVISION
CIVIL ACTION NO.

————————————————— )
)
ALFOUSSEINY KELLY,          )
     Plaintiff            )
)
v.                          )
)
)
MARCHE/MOVENPICK, RICHTREE, )
U.S.A.                      )
IGOR REICHERT, HOLGER MAMMEN, )
LIZA KASTROM, MARTINE THOMAS, )
ELIE GHORAYEB,              )
     Defendant            )
)
)
————————————————— )

**04-2461**

COMPLAINT AND DEMAND
FOR JURY TRIAL

## INTRODUCTION

This is an action by the Plaintiff, Alfousseiny Kelly against the Defendants

Marche/Movenpick, Richtree USA, Igor Reichert, Holger Mammen, Liza Kastrom,

Martine Thomas and Elie Ghorayeb for discrimination on account of national origin

discrimination and race, assault and battery and violation of public policy as an exception

to the at-will employment rule in Massachusetts.

## STATEMENT OF JURISDICTION

1.      The court has jurisdiction pursuant to M.G.L. c. 151B in that the Plaintiff

met his administrative prerequisite by filing his complaint for discrimination within six

(6) months of the complained of action by the defendants.  See Exhibit A, Complaint of

Discrimination received by the Massachusetts Commission Against Discrimination,

Docket No. 01BEM10126.

## PARTIES

2. Plaintiff, Alfousseiny Kelly resides at 34 Creighton Street, Jamaica Plain, Massachusetts.

3. Defendants Marche/Movenpick, Richtree, U.S.A. is a corporation with offices in Massachusetts located at 800 Boylston Street, Boston, MA.

4. Defendant Igor Reichert, is the President of Marche/Movenpick, Richtree, U.S.A with his office located at 111 Richmond Street West, Suite 1500, Toronto, Ontario M5H 2G4, Canada.

5. Defendant Holger Mammen is the General Manager of Rich Tree (U.S.) Inc with offices at 800 Boylston Street, Boston, MA.

6. Liza Kastrom is the director of Human Resources for Rich Tree (U.S.) Inc. with offices at 800 Boylston Street, Boston, MA.

7. Martine Thomas works for Rich Tree (U.S.) Inc, at the office at 800 Boylston Street, Boston, MA.

8. Elie Ghorayeb was a supervisor for Rich Tree (U.S.) Inc. at the office at 800 Boylston Street, Boston, MA.

## STATEMENT OF FACTS AND CLAIMS

9. The Plaintiff is 42 years old and was born in Mali, Africa.

10. He was an employee for defendant Marche-Movenpick/Rich Tree (U.S.) Inc. (hereinafter "Marche") from March 23, 2000 until June 12, 2001 when he was terminated.

11. The plaintiff's primary responsibility at his employment was as a pastry chef for the Defendant Marche's restaurant.

12. During the plaintiff's employment with Marche, he received very good evaluations including as recent as April, 2001.

13. During the course of his employment, the plaintiff complained to the human resources department and the General Manager of the defendant Marche about the lack of contribution to the work of the pastry department by his co-workers.

14. As a result of his complaints, he was forced to work harder and perform the required work of two to three employees.

15. In May, 2001, the plaintiff complained to defendant Mammen telling him that he was very tired after his shift because his co-workers were clocking in and then disappearing for long periods of time leaving him to do their work as well as his own.

16. Defendant Mammen told the plaintiff that he would speak with defendants Thomas and Ghorayeb about the situation.

17. A meeting took place between the plaintiff, defendants Mammen, Thomas and Ghorayeb. In that meeting the plaintiff told the defendants that he was doing the work of five employees and that nobody was helping him. He said he could not do the job and that he needed help.

18. On June 7, 2001, the plaintiff was working when he was told by defendant Thomas that a customer complained that he refused to give ice to a customer. The plaintiff told Thomas he did not know what she was talking about and he denied the accusation.

19. Defendant Thomas grabbed the plaintiff by his pants and grabbed his hands without his consent. She told him to "Leave now!"

20. The plaintiff was in shock but he told her he would leave. He then went to defendant Kastrom and told her that Thomas had assaulted him and attacked him. All he told Thomas during her attack was "Don't do it."

21. As a result, Ms. Kastrom sent the plaintiff home with a warning for "rudeness to employees or customers" and "that I was upset at my station."

22. On June 12, 2001, defendant Marche terminated him.

23. During his employment, the plaintiff observed that Brazilian co-workers were treated more favorably than his treatment.

24. This was particularly true of his supervisor defendant Ghorayeb.

25. In addition, Ghorayeb said,"I don't like your face."

26. Some of the favored employees are the same ones who failed to do their work leaving the plaintiff to complete those tasks. Yet, the plaintiff was disciplined and fired for complaining about this disparate treatment.

27. In March, 2001, defendant Igor Reichert, the owner and President of Marche met the plaintiff at his work station and both complimented the plaintiff's work and apologized for the situation there. This showed that the highest levels of management of Marche were aware of the problems yet chose to do nothing about it except to fire the plaintiff.

## COUNT I-DISCRIMINATION: NATIONAL ORIGIN

28. Plaintiff repeats and incorporates by reference the allegation contained in paragraphs 1 through 27 as if fully set forth herein.

29. By the conduct described in paragraphs 1 through 27, all of the defendants discriminated against the plaintiff on account of his national origin in violation of Massachusetts General Laws chapter 151B.

30. The Plaintiff suffered greatly as a result of the Defendant's actions.

31. Wherefore, Plaintiff demands judgment against the Defendant for actual and compensatory damages with interest, costs and attorney's fees for pain and suffering, emotional distress and lost income.

## COUNT II-DISCRIMINATION: RACE

32. Plaintiff repeats and incorporates by reference the allegation contained in paragraphs 1 through 31 as if fully set forth herein.

33. By the conduct described in paragraphs 1 through 31, all of the defendants discriminated against the plaintiff on account of his race in violation of Massachusetts General Laws chapter 151B.

34. The Plaintiff suffered greatly as a result of the Defendant's actions.

35. Wherefore, Plaintiff demands judgment against the Defendant for actual and compensatory damages with interest, costs and attorney's fees for pain and suffering, emotional distress and lost income.

## COUNT III- ASSAULT AND BATTERY

36. Plaintiff repeats and incorporates by reference the allegation contained in paragraphs 1 through 35 as if fully set forth herein.

37. Defendant Thomas placed the plaintiff in apprehension of imminent harm when she moved towards him with her hands.

38. Defendant Thomas committed a battery when she touched the plaintiff without his consent or non-consensually as she grabbed him by the pants and hands on June 7, 2001.

39. Wherefore, Plaintiff demands judgment against the Defendant for actual and compensatory damages with interest, costs and attorney's fees for pain and suffering, emotional distress and lost income.

## COUNT IV-PUBLIC POLICY EXCEPTION OF AT-WILL EMPLOYMENT DOCTRINE

40. Plaintiff repeats and incorporates by reference the allegation contained in paragraphs 1 through 39 as if fully set forth herein.

41. Defendant's actions against the plaintiff after the plaintiff reported the problems with his co-workers not carrying out their work was in violation of the public policy exception to the at-will employment law.

42. Wherefore, Plaintiff demands judgment against the Defendant for actual and compensatory damages with interest, costs and attorney's fees for pain and suffering, emotional distress and lost income.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES.

Respectfully submitted,
Alfousseiny Kelly
By his attorney,

Robert M. Warren
BBO #555661
11 Green Street
Jamaica Plain, MA 02130
(617) 983-1441

## CHARGE OF DISCRIMINATION
## MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION

FEPA NUMBER:                    FILING DATE:
EEOC:                          VIOLATION DATES: June 12, 2001

NAME OF AGGRIEVED PERSON        TELEPHONE NUMBERS

Alfousseiny Kelly                    (617) 429-2156
15 Parkside Street
Jamaica Plain, MA 02130

NAMED ARE THE EMPLOYERS WHO DISCRIMINATED AGAINST HER:

Marche/Movenpick
Rich Tree (U.S.) Inc.
c/o Marche Boston
800 Boylston Street
P.O. Box 990007
Boston, MA 02199

Igor Reichert
Marche Movenpick
A Division of Richtree (U.S.) Inc.
111 Richmond Street West, Suite 1500
Toronto, Ontario M5H 2G4
Canada

Holger Mammen
General Manager
Rich Tree (U.S.) Inc.
c/o Marche Boston
800 Boylston Street
P.O. Box 990007
Boston, MA 02199



Liza Kastrom
Human Resources
Rich Tree (U.S.) Inc.
c/o Marche Boston
800 Boylston Street
P.O. Box 990007
Boston, MA 02199

Martine Thomas
Rich Tree (U.S.) Inc.
c/o Marche Boston
800 Boylston Street
P.O. Box 990007
Boston, MA 02199

## CHARGE OF DISCRIMINATION
### MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION

| FEPA NUMBER: | FILING DATE: |
|---|---|
| EEOC: | VIOLATION DATES: June 12, 2001 |

| NAME OF AGGRIEVED PERSON | TELEPHONE NUMBERS |
|---|---|
| Alfousseiny Kelly<br>15 Parkside Street<br>Jamaica Plain, MA 02130 | (617) 429-2156 |

NAMED ARE THE EMPLOYERS WHO DISCRIMINATED AGAINST HER:

Marche/Movenpick
Rich Tree (U.S.) Inc.
c/o Marche Boston
800 Boylston Street
P.O. Box 990007
Boston, MA 02199

Igor Reichert
Marche Movenpick
A Division of Richtree (U.S.) Inc.
111 Richmond Street West, Suite 1500
Toronto, Ontario M5H 2G4
Canada

Holger Mammen
General Manager
Rich Tree (U.S.) Inc.
c/o Marche Boston
800 Boylston Street
P.O. Box 990007
Boston, MA 02199

Liza Kastrom
Human Resources
Rich Tree (U.S.) Inc.
c/o Marche Boston
800 Boylston Street
P.O. Box 990007
Boston, MA 02199

Martine Thomas
Rich Tree (U.S.) Inc.
c/o Marche Boston
800 Boylston Street
P.O. Box 990007
Boston, MA 02199



Elie ?
Rich Tree (U.S.) Inc.
c/o Marche Boston
800 Boylston Street
P.O. Box 990007
Boston, MA 02199

---

## DISCRIMINATION BASED ON NATIONAL ORIGIN AND RACE

---

THE PARTICULARS ARE:

1.   I am 39 years old.

2.   I was born in Mali, Africa.

3.   I was an employee of Marche Movenpick/Rich Tree (U.S.)
     Inc.,800 Boylston Street,P.O. Box 990007, Boston, MA 02199
     from March 23, 2000 until June 12, 2001 when I was
     terminated.

4.   Marche Movenpick/Rich Tree (U.S.) employs more than 6 people.

5.   Igor Reichert is the President/Owner of Marche Movenpick/Rich
     Tree (U.S.).

6.   Holger Mammen is the General Manager of Marche/Movenpick
     Restaurant/Rich Tree (U.S.) in Boston, Massachusetts.

7.   Liza Kastrom is the Human Resources Director of
     Marche/Movenpick Restaurant/Rich Tree (U.S.) in Boston,
     Massachusetts.

8.   Martine Thomas was a supervisor of mine of Marche/Movenpick
     Restaurant/Rich Tree (U.S.) in Boston, Massachusetts.

9.   Elie was a supervisor of mine of Marche/Movenpick
     Restaurant/Rich Tree (U.S.) in Boston, Massachusetts.

10.  My primary responsibility was as a pastry chef for the
     Restaurant.

11.  During my employment with Marche, I received very good
     evaluations including as recent as April, 2001 when Martine
     Thomas gave me a good evaluation for my work.

12.  During my employment, I complained to human resources and the
     General Manager about the lack of contribution to the work of
     the pastry department by my co-workers. As a result, I was
     forced to work harder and perform the required work of two to
     three employees.

2

13. In May, 2001, I complained to Holger Mammen, telling him that I was very tired after my shift because my co-workers were clocking in and then disappearing for long periods of time leaving me to do their work as well as my own.

14. Mr. Mammen told me that he would speak with Ms. Thomas, Elie and Leo from administration about the situation.

15. A meeting took place between myself, Mr. Mammen, Ms. Thomas and Elie. I told them I was doing the work of five employees and that nobody was helping me. I said I could not do the job and that I needed help.

16. On June 7, 2001, I was working when I was told by Ms. Thomas that a customer complained that I refused to give ice to a customer. I told her I did not know what she was talking about and I denied the accusation.

17. Ms. Thomas then grabbed me by the pants and grabbed my hands without my consent. She told me to "Leave now!"

18. I was in shock, but I told her I would leave. I then went to Ms. Kastrom and told her that Ms. Thomas assaulted me and attacked me. All I told Ms. Thomas during her attack was "Don't do it."

19. As a result Ms. Kastrom sent me home with a warning for "rudeness to employees or customers" and that I was upset at my station.

20. On June 12, 2001, Marche/Movenpick terminated me.

21. During my employment with Marche/Movenpick/Rich Tree (U.S.) I observed that my Brazilian co-workers were treated more favorable then my treatment.

22. I observed Elie, my supervisor, give favorable treatment to the Brazilian employees who worked with me.

23. In addition, Elie told me "I don't like your face!" I considered that statement discrimination.

24. Some of these employees are the same ones who failed to do their work leaving me to complete those tasks. Yet, I was disciplined and fired for complaining about this disparate treatment.

25. In March, 2001, Igor Reichert, the owner and President of Marche/Movenpick met me at my work station and both complimented my work and apologized for the situation there. As such, the highest levels of management were aware of the problems at my workplace yet chose to do nothing about it except to fire me.

## COUNT ONE
## NATIONAL ORIGIN DISCRIMINATION

26. The allegations contained in paragraphs 1 through 15 are repeated and incorporated herein by reference.

27. By the conduct described in paragraphs 1 through 25, Marche/Movenpick/Rich Tree (U.S.), Igor Reichert, Mr. Mammen, Ms. Kastrom, Ms. Thomas and Elie discriminated against me, a member of a protected class, on the basis of national origin in violation of Massachusetts General Laws Chapter 151B.

## COUNT TWO
## RACE DISCRIMINATION

28. The allegations contained in paragraphs 1 through 27 are repeated and incorporated herein by reference.

29. By the conduct described in paragraphs 1 through 27, Marche/Movenpick/Rich Tree (U.S.), Igor Reichert, Mr. Mammen, Ms. Kastrom, Ms. Thomas and Elie discriminated against me, a member of a protected class, on the basis of race in violation of Massachusetts General Laws Chapter 151B.

Therefore, I respectfully ask the Commission to grant such relief as it deems fair and just including, but not limited to, back pay, front pay, emotional distress damages, medical expenses, costs and attorneys fees.

ALFOUSSEINY KELLY

Appeared before me the above named Alfousseiny Kelly and made his signature in my presence, having sworn and affirmed the above statements on this 6th day of December, 2001

Notary Public
My Commission Expires: February 24, 2006

## CERTIFICATE OF SERVICE

I certify that I have served the complaint of Alfousseiny Kelly on the Respondents in this matter by first-class, postage pre-paid mail this 7th day of December, 2001.

Date: 12/7/01

Robert M. Warren

5

**The Commonwealth of Massachusetts**
**Commission Against Discrimination**
**One Ashburton Place , Boston, MA 02108**
**Phone: (617) 994-6000 Fax: (617) 994-6024**

| | |
|---|---|
| MCAD DOCKET NUMBER: 01BEM10126 | EEOC/HUD CHARGE NUMBER: 16CA200864 |
| FILING DATE: 12/07/01 | VIOLATION DATE: 06/12/01 |

Name of Aggrieved Person or Organization:
Alfousseiny Kelly
15 Parkside Street
Jamaica Plain, MA 02130
Primary Phone: (617)429-2156 ext. _____

Named is the employer, labor organization, employment agency, or state/local government agency who discriminated against me:
Marche/Movenpick, et, al.
Attn: Human Resources
P.O. Box 990007
Boston, MA 02199

Igor Reichert
Marche Movenpick

800 Boylston Street
Boston, MA 02199

Holger Mammen
Marche Movenpick

P.O. Box 990007
Boston, MA 02199

Liza Kastrom
Rich Tree U.S. Inc.
Attn: Human Reources
P.O. Box 990007
Boston, MA 02199

Martine Thomas
Rich Tree U.S., Inc.
c/o Marche Boston
P.O. Box 990007
Boston, MA 02199

Elie "LNU"
Rich Tree U.S. Inc.

P.O. Box 990007

MCAD Docket Number 01BEM10126, Complaint

| CIVIL ACTION COVER SHEET | | Trial Court of Massachusetts Superior Court Department County: SUFFOLK |
|---|---|---|

| PLAINTIFF(S) Alfousseiny Kelly | DEFENDANT(S) Marche/Movenpick, Rich Tree USA, Igor Reichert, Holger Mammen, Liza Kastrom, Martine Thomas, Elie Ghorayeb |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Robert M. Warren 11 Green St, Jamaica Plain, MA 02130 Board of Bar Overseers number: 555661   (617) 983-1441 | ATTORNEY (If known)   Andrew Pickett, Esq. Jackson, Lewis, Schnitzler, Krueman One Beacon St, Boston, MA 02108 (617) 367-0025 |

### Origin code and track designation

Place an x in one box only:

[x] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.   TYPE OF ACTION (specify)   TRACK   IS THIS A JURY CASE?
B99        Tort                       ( F )   ( x ) Yes   ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ......................................................... $ . ?
  2. Total Doctor expenses ........................................................... $ ......
  3. Total chiropractic expenses ..................................................... $ ......
  4. Total physical therapy expenses ................................................ $ ......
  5. Total other expenses (describe) ................................................ $ ......
                                                                  Subtotal $ ..........
B. Documented lost wages and compensation to date ................................... $ 4,000.00+
C. Documented property damages to date ............................................. $ ......
D. Reasonably anticipated future medical and hospital expenses ...................... $ ......
E. Reasonably anticipated lost wages ............................................... $ ......
F. Other documented items of damages (describe)
     Emotional Distress/Pain and Suffering                           $ 250,000.00
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
     The plaintiff was injured by the Defendants' discrimination, assault and battery
and violation of public policy when it terminated plaintiff causing severe pain and
suffering and emotional distress as well as future earnings
                                                                     $ ............
                                                         TOTAL $ 254,000.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):




                                                         TOTAL $. ...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE:

AOTC-6 mtc005-11/99

## CIVIL ACTION COVER SHEET
### INSTRUCTIONS

## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**CONTRACT**

| | | |
|---|---|---|
| A01 | Services, labor and materials | (F) |
| A02 | Goods sold and delivered | (F) |
| A03 | Commercial Paper | (F) |
| A08 | Sale or lease of real estate | (F) |
| A12 | Construction Dispute | (A) |
| A99 | Other (Specify) | (F) |

**TORT**

| | | |
|---|---|---|
| B03 | Motor Vehicle negligence-personal injury/property damage | (F) |
| B04 | Other negligence-personal injury/property damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice-medical | (A) |
| B07 | Malpractice-other(Specify) | (A) |
| B08 | Wrongful death,G.L.c.229,s2A | (A) |
| B15 | Defamation (Libel-Slander) | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury-Slip&Fall | (F) |
| B21 | Environmental | (A) |
| B22 | Employment Discrimination | (F) |
| B99 | Other (Specify) | (F) |

**REAL PROPERTY**

| | | |
|---|---|---|
| C01 | Land taking (eminent domain) | (F) |
| C02 | Zoning Appeal, G.L. c.40A | (F) |
| C03 | Dispute concerning title | (F) |
| C04 | Foreclosure of mortgage | (X) |
| C05 | Condominium lien and charges | (X) |
| C99 | Other (Specify) | (F) |

**EQUITABLE REMEDIES**

| | | |
|---|---|---|
| D01 | Specific performance of contract | (A) |
| D02 | Reach and Apply | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of Trust | (A) |
| D08 | Minority Stockholder's Suit | (A) |
| D10 | Accounting | (A) |
| D12 | Dissolution of Partnership | (F) |
| D13 | Declaratory Judgment G.L.c.231A | (A) |
| D99 | Other (Specify) | (F) |

**MISCELLANEOUS**

| | | |
|---|---|---|
| E02 | Appeal from administrative Agency G.L. c. 30A | (X) |
| E03 | Action against Commonwealth Municipality, G.L. c.258 | (A) |
| E05 | All Arbitration | (X) |
| E07 | c.112,s.12S (Mary Moe) | (X) |
| E08 | Appointment of Receiver | (X) |
| E09 | General contractor bond, G.L. c.149,s.29,29a | (A) |
| E11 | Workman's Compensation | (X) |
| E14 | Chapter 123A Petition-SDP | (X) |
| E15 | Abuse Petition, G.L.c.209A | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L.c.12,s.11H | (A) |
| E18 | Foreign Discovery proceeding | (X) |
| E96 | Prisoner Cases | (F) |
| E97 | Prisoner Habeas Corpus | (X) |
| E99 | Other (Specify) | (X) |

## TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [X] Yes  [ ] No |

### SUPERIOR COURT RULE 29

DUTY OF THE PLAINTIFF. The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

DUTY OF THE DEFENDANT. Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.

## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
### MAY RESULT IN DISMISSAL OF THIS ACTION.

Commonwealth of Massachusetts
County of Suffolk
The Superior Court

CIVIL DOCKET# SUCV2004-02461-E

RE:   **Kelly v Marche/Movenpick Richtree USA et al**

TO:Robert M Warren, Esquire
11 Green Street
Jamaica Plain, MA 02130

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| **STAGES OF LITIGATION** | **DEADLINE** |
|---|---|
| Service of process made and return filed with the Court | 09/02/2004 |
| Response to the complaint filed (also see MRCP 12) | 11/01/2004 |
| All motions under MRCP 12, 19, and 20 filed | 11/01/2004 |
| All motions under MRCP 15 filed | 11/01/2004 |
| All discovery requests and depositions completed | 03/31/2005 |
| All motions under MRCP 56 served and heard | 04/30/2005 |
| Final pre-trial conference held and firm trial date set | 05/30/2005 |
| Case disposed | 07/29/2005 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session E sitting in CtRm 7 - 11th fl., 90 Devonshire St., Boston at Suffolk Superior Court.

Dated: 07/28/2004

Michael Joseph Donovan
Clerk of the Courts

BY: Elaine R. Lombardi
Assistant Clerk

Location: CtRm 7 - 11th fl., 90 Devonshire St., Boston
Telephone: 617-788-8144

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtrac2_2.wpd 2522601 comjury pires