UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALFOUSSEINY KELLY,<br>       Plaintiff,<br><br>v.<br><br>MARCHE MOVENPICK, RICHTREE U.S.A., IGOR REICHERT, HOLGER MAMMEN, LIZA KASTROM, MARTINE THOMAS, ELIE GHORAYEB,<br>       Defendants. | Civil Action No. 04-12028 |

## ANSWER TO COMPLAINT

Now comes Defendant Richtree, USA, Inc., d/b/a Marche Movenpick, ("Defendant") which responds to the allegations in Plaintiff's Complaint as follows:

## INTRODUCTION

Defendant denies the allegations contained in this unnumbered paragraph.

## STATEMENT OF JURISDICTION

1. Defendant denies the allegations contained in paragraph 1.

## PARTIES

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3. Defendant denies the allegations contained in paragraph 3.

4. Defendant denies the allegations contained in paragraph 4.

5. Defendant denies the allegations contained in paragraph 5.

6. Defendant denies the allegations contained in paragraph 6.

7. Defendant denies the allegations contained in paragraph 7.

8. Defendant admits the allegations contained in paragraph 8.

## STATEMENT OF FACTS AND CLAIMS

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. Defendant denies the allegations contained in paragraph 10, except admits that Plaintiff worked at the Marche Movenpick restaurant located at 800 Boylston Street in Boston, Massachusetts from on or about March 23, 2000 until his termination for serious misconduct on or about June 12, 2001.

11. Defendant admits the allegations contained in paragraph 11.

12. Defendant denies the allegations contained in paragraph 12.

13. Defendant denies the allegations contained in paragraph 13, except admits that Plaintiff complained about his belief that he worked harder than his co-workers.

14. Defendant denies the allegations contained in paragraph 14.

15. Defendant denies the allegations contained in paragraph 15, except admits that Plaintiff frequently complained to Mr. Mammen and others that he worked harder than his co-workers and that they all engaged in various forms of misconduct or lack of productivity.

16. Defendant denies the allegations contained in paragraph 16, except admits that Mr. Mammen did have conversations with the Plaintiff, Ms. Thomas and Mr. Ghorayeb about Plaintiff's complaints.

17. Defendant admits the allegations contained in paragraph 17.

18. Defendant denies the allegations contained in paragraph 18.

19. Defendant denies the allegations contained in paragraph 19.

20. Defendant denies the allegations contained in paragraph 20, except admits that Plaintiff told Ms. Skarstrom that Ms. Aubin had assaulted him.

21. Defendant denies the allegations contained in paragraph 21, except admits that Plaintiff was asked to go home and calm down while the allegations of misconduct were investigated.

22. Defendant denies the allegations in paragraph 22, except admits that Plaintiff was terminated for gross misconduct on or about June 12, 2001.

23. Defendant denies the allegations contained in paragraph 23.

24. Defendant denies the allegations contained in paragraph 24.

25. Defendant denies the allegations contained in paragraph 25.

26. Defendant denies the allegations contained in paragraph 26.

27. Defendant denies the allegations contained in paragraph 27.

## COUNT 1 – DISCRIMINATION:  NATIONAL ORIGIN

28. Defendant repeats and incorporates by reference its responses to paragraphs 1 through 27 as if fully set forth herein.

29. Defendant denies the allegations contained in paragraph 29.

30. Defendant denies the allegations contained in paragraph 30.

31. Defendant denies the allegations contained in paragraph 31.

## COUNT II – DISCRIMINATION:  RACE

32. Defendant repeats and incorporates by reference its responses to paragraph 1 through 31 as if fully set forth herein.

33. Defendant denies the allegations contained in paragraph 33.

34. Defendant denies the allegations contained in paragraph 34.

35. Defendant denies the allegations contained in paragraph 35.

## COUNT III – ASSAULT AND BATTERY

36. Defendant repeats and incorporates by reference its responses to paragraph 1 through 35 as if fully set forth herein.

37. Defendant denies the allegations contained in paragraph 37.

38. Defendant denies the allegations contained in paragraph 38.

39. Defendant denies the allegations contained in paragraph 39.

## COUNT IV – PUBLIC POLICY EXCEPTION OF AT-WILL EMPLOYMENT DOCTRINE

40. Defendant repeats and incorporates by reference its responses to paragraph 1 through 39 as if fully set forth herein.

41. Defendant denies the allegations contained in paragraph 41.

42. Defendant denies the allegations contained in paragraph 42.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Every action taken by Defendant with respect to Plaintiff's employment was taken for legitimate business reasons and was consistent with principals of law.

## FOUR AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrines of waiver, laches, estoppel, and/or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint for assault and battery is barred by the exclusivity provisions of the Massachusetts Worker's Compensation Act.

## SIXTH AFFIRMATIVE DEFENSE

If Plaintiff has suffered damages as alleged in his Complaint, he is barred from recovery, in whole or in part, due to his failure to mitigate those damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's public policy claims are barred, in whole or in part, by the existence of a statutory remedy.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint against one or more of the individual Defendants fails for lack of personal jurisdiction.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint against the individual defendants fails for insufficiency of process and/or service of process.

## TENTH AFFIRMATIVE DEFENSE

Defendant respectfully reserves its right to add such additional affirmative defenses as become evident during the course of discovery.

WHEREFORE, Defendant Richtree, USA, Inc., d/b/a Marche Movenpick respectfully respects that the Court:

1. Dismiss Plaintiff's Complaint in its entirety;

2. Enter judgment for Defendant on all counts;

3. Award Defendant its costs and attorney's fees, as appropriate;

4. Award such other and further relief as may be just and proper under the circumstances.

          Respectfully submitted,

          RICHTREE U.S. INC.,
          D/B/A MARCHE MOVENPICK,
          By its attorneys,

          /s/ Andrew C. Pickett
          Andrew C. Pickett, BBO #549872
          Richard W. Paterniti, BBO#645170
          Jackson Lewis LLP
          75 Park Plaza
          Boston, MA 02116
          (617) 367-0025

Date:  December 8, 2004

**CERTIFICATE OF SERVICE**

    I hereby certify that on December \_\_\_\_, 2004, a copy of the foregoing was sent by first class mail to Robert M. Warren, 11 Green Street, Jamaica Plain, MA 02130.

_____
Jackson Lewis LLP

H:\PickettA\Active Clients\Richtree, Inc\Kelly\Pleading\Answer to Complaint.DOC