UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-12028

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ALFOUSSEINY KELLY,

    Plaintiff,

v.

MARCHE MOVENPICK, RICHTREE
U.S.A., IGOR REICHERT, HOLGER
MAMMEN, LIZA KASTROM,
MARTINE THOMAS, ELIE
GHORAYEB,

    Defendants,

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO STAY PROCEEDINGS

The defendants hereby move the Court to stay all proceedings in this matter. In support of this motion, the defendants state the following:

1.    Richtree, Inc., the Canadian parent company of defendant Marche Movenpick/Richtree U.S.A., has been involved in bankruptcy proceedings pursuant to the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36, as amended, and the Bankruptcy and Insolvency Act, R.S.C. 1985, c. B-3, as amended, since October 18, 2004. (**Exhibit A**, Initial Order in the Matter of a Plan of Compromise or Arrangement of Richtree Inc. and Richtree Markets Inc.; **Exhibit B**, Order in the Matter of the Proposal of Richtree, Inc. of the City of Toronto, in the Province of Ontario.)

2.     Pursuant to those proceedings, The Ontario Superior Court of Justice ordered that all litigation against Richtree, Inc. be stayed. (**Exhibit A.**) Litigation is presently stayed pursuant to Richtree's Notice of Intention to Make Proposals and Section 69 of the Bankruptcy and Insolvency Act (**Exhibit B**). See *Smith v. Dominion Bridge Corporation*, 1999 WL 111465 (E.D.Pa. 1999). "The provision for an automatic stay of proceedings against the debtor issued under Canadian law is analogous to 11 U.S.C. § 362, which provides for an automatic stay of the continuation or commencement of any action against a bankrupt." *Id.* See *Badalament, Inc. v. Mel-O-Ripe Banana Brands, Ltd.*, 265 B.R. 732, (E.D.Mich.2001).   See *In re Davis*, 191 B.R. 577, 587 (Bankr.S.D.N.Y. 1996).

3.     Based on principles of comity, United States federal courts "recognize foreign bankruptcy proceedings provided the foreign laws comport with due process and fairly treat the claims of local creditors." *Victrix S.S. Co., S.A. V. Salen Dry Cargo A.B.*, 825 F.2d 709, 714 (2d Cir. 1987). Canadian bankruptcy proceedings are "routinely granted comity" by United States courts. *In re Board of Directors of Multicanal* S.A. 314 B.R. 486, *504 (Bkrtcy.S.D.N.Y.,2004). United States courts recognize that, like the U.S. Bankruptcy Code, the Canadian Bankruptcy and Insolvency Act "recognizes the rights of secured creditors to realize on their collateral, protects that collateral from the claims of unsecured creditors and preserves the right of an undersecured creditor to assert a deficiency claim." *In re Davis*, 191 B.R. 577, 587 (Bankr.S.D.N.Y. 1996). The Bankruptcy and Insolvency Act also "makes provision for the avoidance of fraudulent transfers or preferential payments" and "contains a comprehensive distribution scheme similar to that under the Code." *Id.*

4.     United States courts routinely grant stays of proceedings in recognition of stays in effect pursuant to Canadian bankruptcy proceedings. *Tradewell, Inc. v. American Sensors Elecs.,*

*Inc.,* No. 96 Civ. 2474, 1997 WL 423075, 1997 U.S. Dist. LEXIS 10890 (S.D.N.Y.1997)(granting motion to stay based on comity and recognition of Canadian court's stay order); *Badalament, Inc. v. Mel-O-Ripe Banana Brands, Ltd.,* 265 B.R. 732, 736-737 D.Mich.2001)(staying action against guarantor based on principles of comity and recognition of Canadian bankruptcy proceedings); *Smith v. Dominion Bridge Corporation*, 1999 WL 111465 (E.D.Pa. 1999)(same) and cases cited.

5. "A federal court has discretion to exercise its inherent power to stay the proceedings before it." *Smith v. Dominion Bridge Corporation*, 1999 WL 111465 (E.D.Pa. 1999).

WHEREFORE, the defendants respectfully request that this motion to stay all proceedings in this matter be GRANTED.

/s/ Paul T. Tetrault
Michael J. Mazurczak, BBO# 555106
Paul T. Tetrault, BBO# 658289
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA 02109
(617) 523-6200

Dated: 5/2/05